UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,     **MEMORANDUM AND ORDER**

 - against -     91-cr-1219 (DRH)
   16-cv-3403 (DRH)

ANDERSON KING,

                    Defendant.
----------------------------------------------------------------X

**HURLEY, Senior District Judge:**

**APPEARANCES**

**BREON PEACE**
**UNITED STATES ATTORNEY FOR THE**
**EASTERN DISTRICT OF NEW YORK**
271 Cadman Plaza East
Brooklyn, NY 11201
By:   Genny Ngai, Esq.

**Anderson King,** *pro se*

**FEDERAL DEFENDERS OF NEW YORK**
Attorneys for Defendant/Petitioner on the Motion to Vacate
One Pierrepont Plaza – 16th Floor
Brooklyn, NY 11201
By:   Amanda David, Esq.
      Mildred M. Whelan, Esq.

## INTRODUCTION

Presently the before the Court are Defendant/Petitioner Anderson King's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255(a) and *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons stated below, King's motion to vacate is denied.

## BACKGROUND

Anderson King committed with accomplices numerous bank and post office robberies in New York in May 1991. In the course of doing so, King threatened individuals at gunpoint and used force against employees failing to comply with his demands.

On July 29, 1993, after a three-month trial, a jury convicted King of three counts: conspiracy to commit bank and postal robbery, 18 U.S.C. § 371 (Count 1); postal robbery, 18 U.S.C. § 2114 (Count 2); use of a firearm during a crime of violence, 18 U.S.C. § 924(c)(1) (Count 3). On June 4, 1994, this Court sentenced him to 30 years in prison, followed by 5 years of supervised release. The Second Circuit affirmed King's conviction and sentence on April 30, 1996. *United States v. Williams*, 101 F.3d 683 (2d Cir. 1996), *cert. denied* 519 U.S. 900 (1996).

King moved for leave to file the instant successive 28 U.S.C. § 2255 petition on June 22, 2016. [DE 706]. The Second Circuit granted leave on March 15, 2021. Mandate, *King v. United States*, No. 16-2088 (2d Cir. Mar. 15, 2021) [DE 768] ("*King* Succ. Pet. Order"). The Federal Defenders filed a memorandum in support of King's application on April 19, 2021, [DE 773], and the Government responded on June 17, 2021, [DE 782].[1]

---

[1]  Also pending before this Court is King's 28 U.S.C. § 2255 motion to vacate a deportation judgment imposed by an "Immigrant Court," which had found King committed a "crime of violence" by virtue of his conviction for "attempted murder." [DE 710]. King argues "attempted murder" is no longer a crime of violence after *Johnson v. United States*, 135 S. Ct. 2551 (2015). This motion is denied.
    As an initial matter, this Court is not convinced it has jurisdiction over the matter. King was not convicted (nor charged) with attempted murder in this case.

## DISCUSSION

King's successive § 2255 petition moves the Court to vacate his conviction under § 924(c), for which he was sentenced to 60 months imprisonment under Count 3, alleging it is unconstitutional. Specifically, he argues that the predicate offense—postal robbery—is not a "crime of violence," in that it does not require physical force necessary under § 924(c)(3)(A)'s "Elements Clause," the remaining subsection after the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019), held § 924(c)(3)(B)'s "Residual Clause" void for vagueness.

The Court begins its analysis by explaining the steps necessary to assess the constitutionality of a § 924(c) conviction and then applies those steps to the King's § 924(c) conviction predicated on postal robbery.

---

The specifics provided in the attached materials reveal only that King "pleaded guilty to [attempted murder] in 1994, at the Supreme Court, State of New York." Nothing else in record before this Court mentions that criminal proceeding or any immigration proceeding.

Assuming, *arguendo*, the Court may properly entertain this motion, King has abandoned it. On April 4, 2019, this Court observed that the post-*Johnson* case law was robust enough to render the matter "ripe for briefing." *See* Order dated Apr. 4, 2019. The Court then set a briefing schedule for this motion, with opening papers due May 3, 2019. Nothing has been filed since.

Further assuming, *arguendo*, that the Court has jurisdiction and King did not abandon the motion, "attempted murder" is a crime of violence under 18 U.S.C. § 16(b) for the same reasons it is under § 924(c)'s Elements Clause because the statutes define "crime of violence" identically. *United States v. Sierra*, 782 Fed. App'x 16, 20 (2d Cir. 2019) ("We have repeatedly treated it as self-evident that under New York law 'attempted murder is a crime unmistakably involving an attempted use of physical force.'"); *United States v. Praddy*, 729 Fed. App'x 21, 24 (2d Cir. 2018) ("[A]ttempted murder is a crime 'unmistakably involving an attempted use of physical force.'"); *United States v. Scott*, 681 Fed. App'x 89, 95 (2d Cir. 2017) ("Attempted murder in the second degree is a crime unmistakably involving 'an attempted use . . . of physical force' within § 924(c)(3)(A).").

**I.     Divisibility of Section 924(c) "Crime of Violence" Enhancement**

Section 924(c) of the Armed Career Criminal Act of 1984 ("ACCA") mandates an enhanced sentenced for a defendant using or carrying a firearm during, or possessing a firearm in furtherance of, a "crime of violence," defined as:

> an offense that is a felony and
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Following *United States v. Davis*, § 924(c)'s enhancements trigger only from offenses fitting the criteria in Subsection (A), the "Elements Clause."  139 S. Ct. 2319 (2019) (holding Subsection (B), the "Residual Clause," unconstitutionally vague).  Accordingly, a felony "offense is a crime of violence, for ACCA purposes, [only] if it has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  *United States v. Figueroa*, 2021 WL 1191615, at *5 (S.D.N.Y. Mar. 30, 2021) (internal quotation marks omitted).  "Physical force" in this context connotes "violent force" or "force capable of causing physical pain or injury."  *Johnson v. United States*, 559 U.S. 133, 140 (2010).

To assess whether the predicate offenses underlying King's § 924(c) conviction are "crimes of violence," the Court must identify their elements.  That entails analyzing the extent to which the predicate offense statutes are divisible.  An indivisible statute "creates only a single crime," even if it "spells out various factual ways of committing some component of the offense"; a divisible statute lists its

elements "in the alternative and, in doing so, creates a separate crime associated with each alternative element." *Harbin v. Sessions*, 860 F.3d 58, 64 (2d Cir. 2017) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)).

To determine whether an indivisible statute's elements reflect a "crime of violence," courts take a "categorical approach." *Id.* Under this approach, the court "identif[ies] 'the minimum criminal conduct necessary for conviction'" under the statute by analyzing "how the law defines the [predicate] offense" and not "how an individual offender might have committed it on a particular occasion." *Begay v. United States*, 553 U.S. 137, 141 (2008); *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018) (quoting *United States v. Acosta*, 470 F.3d 132, 135 (2d Cir. 2006) (per curiam)). If "reality, logic, and precedent" illustrate "'a realistic probability, not a theoretical possibility,' that the statute at issue could be applied to conduct that does not constitute a crime of violence," then § 924(c) does not apply. *Id.* at 56 (quoting *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 193 (2007)). Otherwise, the predicate offense reflects a crime of violence, and § 924(c) applies.

To determine whether a divisible statute's elements reflect a "crime of violence," courts take a "modified categorical approach." *Descamps v. United States*, 570 U.S. 254, 260 (2013). Because divisible statutes create separate crimes, a court first "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine" which of the divisible statute's "crime[s], with what elements, a defendant was convicted of." *Mathis*, 136

S. Ct. at 2249.  Once revealed, a court applies the categorical approach to that crime. *Id.*

## II.  Postal Robbery

King contends 18 U.S.C. § 2114(a) bank robbery does not "qualify as a crime of violence under the [Elements Clause] of § 924(c)(3)(A)" because it does not necessarily require "any physical force."  Mem. at 5 [DE 773].  Section 2114(a) reads:

> A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

18 U.S.C. § 2114(a).

Section 2114(a) is properly classified as a divisible statute because "it lists multiple elements disjunctively."  *Pannell v. United States*, 2021 WL 3782729, at *4 (E.D.N.Y. Aug. 26, 2021); *see United States v. Enoch*, 865 F.3d 575, 580 (7th Cir. 2017).  Section 2114 criminalizes at least two separate offenses" – (i) non-aggravated postal robbery and (ii) aggravated postal robbery. *King* Succ. Pet. Order.  The list of aggravated offenses is divisible too: (a) wounding the mail carrier in the course of the robbery or attempted robbery; (b) using a dangerous weapon to put the mail carrier's life in jeopardy in the course of the robbery or attempted robbery; or (c) committing a subsequent offense.  *Williams v. United States*, 794 Fed. App'x 612, 614 (9th Cir. 2019).  By listing the three as alternatives, they are not "illustrative examples" of "a

crime's means of commission" but rather elements of separate crimes. 18 U.S.C. § 2114(a); *Mathis*, 136 S. Ct. at 2256; *e.g.*, *Pannell*, 2021 WL 3782729, at *4 ("Because it lists three elements in the alternative, thereby defining multiple crimes, I find that the aggravated offense is further divisible.").

The modified categorical approach is therefore necessary to determine whether the jury convicted King of non-aggravated or aggravated postal conviction, and, if the latter, which type. To that end, the Court relies on the superseding indictment and the jury instructions. Superseding Indictment, No. 91-cr-1219 (E.D.N.Y. June 8, 1992) [DE 60] ("Superseding Indictment"); Jury Instructions, Ex. A [DE 782-1] to Gov't Opp. [DE 782].[2] The Superseding Indictment charged Petitioner with, among other crimes, "knowingly and willfully rob[bing]" postal workers and, in doing so, "put[ing] in jeopardy the lives of" said workers "by use of a dangerous weapon." Superseding Indictment at 7–8 (Count 2). At trial, this Court instructed the jury on the prosecution's burden to prove postal robbery as requiring:

> First: That the defendant under consideration or an accomplice took mail matter, money or other property of the United States from someone who was in lawful custody or control of the money or property;
>
> Second: That the taking was done by "robbery," that is, by force, violence or intimidation;
>
> Third: That in the carrying out the robbery, the defendant under consideration or an accomplice put in jeopardy by use of a dangerous weapon the life of the person or persons having control of the mail matter, money or property; and
>
> Fourth: That the defendant under consideration acted knowingly and wilfully.

---

[2] No party has raised "any issues regarding th[e] script" of jury instructions. *King* Succ. Pet. Order at 2 n.2.

Jury Instructions at 58–67. A "dangerous weapon," according to the jury instructions, "includes anything capable of being used to inflict serious bodily harm upon another person." *Id.* The jury convicted King of postal robbery consisting of (1) robbery (*i.e.*, "force, violence or intimidation") that put (2) the mail carrier's life in jeopardy by use of a weapon capable of inflicting serious bodily harm, *i.e.*, aggravated postal robbery. Specifically, the jury convicted King of "life in jeopardy" aggravated postal robbery. *See* Superseding Indictment at 7–8; Jury Instructions at 58–67.

The next step is to analyze whether the minimum conduct satisfying "life in jeopardy" aggravated postal robbery is a "crime of violence" under § 924(c)'s Elements Clause. Specifically, whether there is a realistic probability that a robbery putting a life in jeopardy by the use of a weapon capable of inflicting serious bodily harm can be accomplished without "'the use, attempted use, or threatened use of physical force.'" *King* Succ. Pet. Order at 2 (quoting 18 U.S.C. § 924(c)(3)(A)). It cannot. Better stated: to commit a robbery that puts a life in jeopardy by using a weapon capable of inflicting serious bodily harm requires, at a minimum, the use, attempted use, or threatened use of physical force.

The Court takes each relevant element in turn: (1) robbery; (2) putting a life in jeopardy; (3) using a dangerous weapon. The first, robbery, "has always been within the 'category of violent, active crimes' that Congress included in ACCA." *Stokeling v. United States*, 139 S. Ct. 544, 553 (2019) (quoting *Johnson*, 559 U.S. at 140); *Pannell*, 2021 WL 3782729, at *4 ("After *Stokeling* . . . there can be no doubt that armed postal robbery under § 2114(a) qualifies as a predicate crime of violence under § 924(c).").

The second, life in jeopardy, "refers to 'an objective state of danger, not to a subjective feeling of fear,'" *Pannell*, 2021 WL 3782729, at *4 (quoting *United States v. Donovan*, 242 F.2d 61, 63 (2d Cir. 1957)), which calls for the presence of force "capable of causing injury to another person," *United States v. Enoch*, 865 F.3d 575, 581 (7th Cir. 2017) ("There can be no doubt that . . . putting the life of a victim in jeopardy is a violent crime."). The third, use of dangerous weapon, viz. use of a weapon capable of inflicting serious bodily harm, likewise involves the use, attempted use, or threatened use of "force capable of causing physical pain or injury." *See Johnson*, 559 U.S. at 140. In conclusion, then, the minimum conduct sufficient to satisfy § 2114(a)'s "life in jeopardy" aggravated postal robbery is a crime of violence.

This holding aligns with those of the three Circuit courts already confronted with the issue. *Knight v. United States*, 936 F.3d 495, 500–01 (6th Cir. 2019) (holding the "use of a dangerous weapon to put the victim's life in jeopardy transforms" the minimum force required "into violent physical force"); *United States v. Enoch*, 865 F.3d 575, 582 (7th Cir. 2017); *In re Watt*, 829 F.3d 1287, 1290 (11th Cir. 2016). It further aligns with that of many district courts in this Circuit. *E.g.*, *Pannell*, 2021 WL 3782729, at *4–6; *United States v. Lloyd*, 2020 WL 4750241, at *8–9 (E.D.N.Y. Aug. 17, 2020); *McCullough v. United States*, 2020 WL 869118, at *4 (E.D.N.Y. Feb. 21, 2020).

The Seventh Circuit's decision in *United States v. Rodriguez* does not command a different holding. *See King* Succ. Pet. Order at 2–3 (discussing *Rodriguez*, 925 F.2d 1049, 1052–53 (7th Cir. 1991)). The *Rodriguez* Court held that "a person's life may

be put in jeopardy for purposes of § 2114 by the carrying of a gun that remains concealed in a pocket." *Id.* The Seventh Circuit in *Enoch* later narrowed *Rodriguez*'s holding: "[I]t is beyond question that a robbery that puts a person's life in jeopardy by the use of a dangerous weapon is a violent crime under the [*Johnson*] definition and section 924(a)." 865 F.3d at 582 (internal quotation marks omitted). To the extent Seventh Circuit decisions are persuasive to district courts in the Second Circuit, *Enoch* better fits the instant question before the Court and *Rodriguez* is not inconsistent with this Court's holding.

As a result of the foregoing analysis, King's § 924(c)(3)(A) conviction under Count 3, predicated on a § 2114(a)'s "life in jeopardy" aggravated postal robbery conviction, is not subject to vacatur under the holding in in *United States v. Davis*, 139 S. Ct. 2319 (2019). King's motion to vacate is denied

## CONCLUSION

For the reasons discussed above, King's motion to vacate is denied. His postal robbery conviction reflects a crime of violence and therefore a proper predicate for his 18 U.S.C. § 924(c) conviction.

**SO ORDERED.**

Dated: Central Islip, New York      s/ Denis R. Hurley
      May 11, 2022                        Denis R. Hurley
                                                    United States District Judge