UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

ANDERSON KING,

          Defendant.

**MEMORANDUM & ORDER**
91-CR-01219 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

      Defendant has moved to terminate his five-year term of supervised release early pursuant to 18 U.S.C. § 3583(e)(1).  ECF No. 833.  For the reasons set forth below, the Court denies Defendant's motion without prejudice to Defendant renewing his motion in the U.S. District Court for the Southern District of New York, which is the district court to which the jurisdiction to supervise Defendant was previously transferred.  *See United States v. King*, No. 21-cr-53 (S.D.N.Y. filed Jan. 25, 2021).

### PROCEDURAL HISTORY

      Defendant was sentenced to a 30-year term of incarceration after being convicted at a trial in 1993 of one count of conspiring to commit an offense against the United States, one count of robbing a U.S. Post Office, and one count of using a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 371, 2114, and 924(c), respectively.  ECF No. 717. Defendant ended his term of incarceration and commenced a five-year term of supervised release on January 15, 2020, and jurisdiction over his supervision was eventually transferred to the Southern District of New York because of his residence there.  ECF No. 762.

      Defendant has asked to terminate his period of supervision early, pursuant to 18 U.S.C. § 3583(e)(1), because he has completed more than three years without violating any of the

conditions of his release. ECF No. 833 at 1. During that time, Defendant says that he has been continuously employed by the New York City Housing Authority and another organization that works to provide housing to low-income residents. *Id.* He also says that he has received a certification to serve "as a Recovery Coach helping those who suffer from addictive behaviors." *Id.* at 2. Defendant represents that his probation officer told him "that Probation Supervision will not oppose early termination," but the Court has not received any separate communication from the Probation Department corroborating this representation. *Id.* at 1. The Government has opposed Defendant's motion. ECF No. 834.

## **LEGAL STANDARD**

A district court may terminate a term of supervised release after considering a subset of the sentencing factors identified in 18 U.S.C. § 3553(a), a subset which excludes "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "the kinds of sentences available." 18 U.S.C. § 3583(e)(1).[1] A court may do so only after the defendant has completed one year of supervised release. *Id.*

Although district courts, in deciding whether to reduce or terminate a term of supervised release, generally consider whether a defendant has demonstrated changed circumstances that justify such a modification, the Second Circuit has clarified that Section 3583(e) "does not *require* new or changed circumstances relating to the defendant in order to modify conditions of

---

[1] Specifically, 18 U.S.C. § 3583(e)(1) states in full: "The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

2

release." *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (emphasis in original);[2] *see also United States v. Trotter*, 321 F. Supp. 3d 337, 360 (E.D.N.Y. 2018) (Weinstein, J.) (describing at length the statutory and historical framework of supervised release and explaining that, according to *Parisi*, changed circumstances are not required to terminate supervised release early). Nevertheless, "[c]ourts in the Second Circuit have routinely held [that] mere compliance with the terms of supervised release does not qualify [a defendant] for early termination." *United States v. Dent*, No. 15-cr-606, 2023 WL 2087993, at *2 (E.D.N.Y. Feb. 17, 2023).

## DISCUSSION

As a threshold issue, the Court determines that it does not have jurisdiction to modify, reduce, or terminate Defendant's term of supervised release. The transfer of jurisdiction over Defendant's supervision was made pursuant to 18 U.S.C. § 3605. ECF No. 762. The Southern District accepted that transfer. *United States v. King*, No. 21-cr-53 (S.D.N.Y. filed Jan. 25, 2021) (ECF No. 4). Section 3605 states, in relevant part, that "[a] court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227." 18 U.S.C. § 3605. As stated above, the authority to modify, reduce, or terminate a period of supervised release is contained in 18 U.S.C. § 3583, which is located within Title 18, Part II, Chapter 227, Subchapter D of the United States Code—*i.e.*, within the powers of the transferee court. *See* 18 U.S.C. § 3583.

The Court has not identified a decision from the Second Circuit that addresses whether the transferor court may continue to exercise the power to modify a defendant's term of

---

[2] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

supervised release concurrently with the transferee court. However, the Eighth Circuit has recently held that "[o]nce the transfer is effected, the transferor court no longer has jurisdiction to exercise the powers that may be exercised by the transferee court." *United States v. El Herman*, 971 F.3d 784, 786 (8th Cir. 2020); *see also United States v. D'Amario*, 178 F. App'x 151, 152 (3d Cir. 2006) (holding that sentencing court correctly concluded that it no longer had authority to modify defendant's supervised release after transferring jurisdiction to another district). The Court finds this to be a persuasive interpretation of 18 U.S.C. § 3605 and, therefore, concludes that it cannot grant Defendant the relief that he seeks. Defendant must instead pursue that relief in the Southern District.

Given the absence of guidance from the Second Circuit on the jurisdictional issue, the Court finds that even if it did have the authority to grant Defendant's request to terminate early his term of supervised release, it would decline to do so. Although Defendant was convicted of only one substantive count of robbery of a post office, he was also convicted of being part of a conspiracy in which his co-conspirators committed more than a dozen armed robberies of post offices and banks over a period of less than four months. *See* ECF No. 60 ¶¶ 5(i)–5(xix); ECF No. 717 at 1; ECF No. 834 at 2. The Court commends Defendant on his compliance with the conditions of his supervised release for several years and his continuous employment by organizations that seek to help low-income residents of New York City. However, due to the extensive scope and dangerous nature of the conspiracy in which Defendant participated, the Court believes that continuing Defendant's supervision for the remainder of its five-year period is necessary to protect the public by ensuring that Defendant does not relapse into his prior illegal conduct. This is consistent with the Court's recent decision, when granting a co-defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), to maintain

4

that defendant's full, five-year period of supervised release, despite significantly reducing that defendant's period of incarceration. *See* ECF No. 835.

## CONCLUSION

For the reasons set forth above, the Court DENIES without prejudice Defendant Anderson King's motion to terminate his period of supervised release, pursuant to 18 U.S.C. § 3583(e)(1), because the Court lacks jurisdiction to grant the relief Defendant seeks. *See* ECF No. 833. Since the jurisdiction to supervise Defendant's release was previously transferred to the U.S. District Court for the Southern District of New York, Defendant may renew his motion in that district. *See United States v. King*, No. 21-cr-53 (S.D.N.Y. filed Jan. 25, 2021). The Clerk of Court is respectfully directed to mail a copy of this order to Defendant.

SO ORDERED.

                                           */s/ Hector Gonzalez*
                                           HECTOR GONZALEZ
                                           United States District Judge

Dated: Brooklyn, New York
         June 26, 2023